UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES WATKINS,

        Plaintiff,

Case No. 1:15-cv-997

Hon. Robert Holmes Bell

v.

CITY OF KALAMAZOO,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

This matter is now before the court on a motion to dismiss *pro se* plaintiff's complaint filed by defendant City of Kalamazoo ("the City") (docket no. 5). The City's motion is unopposed.

    **I.**    **Background**

Plaintiff's complaint stated as follows:

My compliant [sic] is that on June 12 [13?], 2013 the City of Kalamazoo wrongfully took actions against me. Condemning 4 out of my 5 homes. Over the past two years I have gathered evidence to prove that Inspector Nancy Hess with the support of Bob McNutt, acted improper/protocol [sic] in condemning all 4 of my houses. There [sic] I am sueing [sic] for $1,300,000 - dollar - I will prove in a court of law that they committed discriminatory business practice/financial status offence against me with racial bias[,] legal malpractice, and abuse of Power & Authority. I have 16 written affidavits from all of my prior tenants stating that she told them to stop paying rent and sue me for deposit & back rent. I ask [sic] Inspector Hess for [leniency] because I was a new land lord and she said No. So, I informed her and Mr. McNutt that they could not condemn 625 Elizabeth because I had an inspector coming up and they told me we are the city and we can do what ever we want. That condemnation was overturned.

I will also prove that 9 different inspection [sic] with non-African americans and rich land lords - that the city did not issue warrants for their arrest or condemn their houses for having the wrong permits and violating city codes. These land lords are (Rodrick Obrien, Tim Fish, and William Frances[)]. See [sic] only gave them

>  warnings and a loop hole to fix the problems, after one to three years.  <u>I got 24 Hours Notice</u>.

Compl. (docket no. 1) (emphasis in original).  The complaint was accompanied by a civil cover sheet which identified the cause of action as involving "land condemnation" and "other civil rights."  *See* PageID.5.

> **II.  Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)**

The City brings its motion pursuant to Fed. R. Civ. P. 12(b)(6), which seeks dismissal for failure to state a claim upon which relief can be granted.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).  In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true.  *Morgan v. Churchs Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein."  *Bassett v. National Collegiate Athletic Association*, 528 F.3d 426, 430 (6th Cir. 2008).

While plaintiff designated his cause of action as involving an "other civil rights" claim, his complaint does not explicitly allege the violation of any federal law. It is well established that "*pro se* complaints are held to even 'less stringent standards than formal pleadings drafted by lawyers.'" *Kent v. Johnson*, 821 F.2d 1220, 1223 (6th Cir. 1987), quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the duty to be "less stringent" with *pro se* complaints does not require this court to conjure up unpled allegations. *McDonald v. Hall*, 610 F.2d 16, 19 (lst Cir. l979). Not can a court rewrite a complaint to include claims that were never presented. *Rogers v. Detroit Police Deptartment*, 595 F. Supp.2d 757, 766 (E.D. Mich. 2009). To hold otherwise would require the court to explore all potential claims of a *pro se* plaintiff and transform the district court to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party. *Id.*

Here, the undersigned construes plaintiff's complaint as alleging a claim under 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 3 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983. Specifically, plaintiff seeks relief against the City because its inspectors treated him differently from other landlords in violation of the Equal Protection Clause. *See Rapp v. Dutcher*, 557 Fed. Appx. 444, 449 (6th Cir. 2014) ("To prevail on a 'class of one' equal protection claim challenging as 'arbitrary and capricious' the discretionary enforcement of a

3

municipal ordinance - and assuming arguendo that such a claim escapes the holding of *Engquist v. Oregon Dep't of Agriculture*, 553 U.S. 591, 598, 128 S.Ct. 2146, 170 L.Ed.2d 975 (2008), which strongly suggests that a 'class of one' equal protection theory is unavailable in the discretionary decision-making context - plaintiffs must plead and prove that they were 'intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'"), quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

In its motion, the City points out that plaintiff has not alleged a policy or custom that would subject it to liability under § 1983.  A municipality's liability under § 1983 must be based on more than respondeat superior, or the right to control employees.  *See Monell v. Department of Social Services*, 436 U.S. 658, 691, 694-95 (1978); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Hays v. Jefferson County, Ky.*, 668 F. 2d 869, 874-875 (6th Cir. 1982).  A plaintiff who sues a city for constitutional violations under 42 U.S.C. § 1983 must establish that a governmental policy or custom caused the alleged injury.  *Sova v. City of Mt. Pleasant*, 142 F.3d 898, 904 (6th Cir. 1998), citing *Monell*, 436 U.S. at 690-691.  "In other words, a municipality can be liable under § 1983 only where its policies are 'the moving force' behind the constitutional violation." *Sova*, 142 F.3d 898 at 904, citing  *Monell*, 436 U.S. at 694.  A municipal policy includes "a policy statement, ordinance, regulation, or decision officially adopted and promulgated." *Powers v. Hamilton County Public Defender Commission*, 501 F.3d 592, 607 (6th Cir. 2007) (quoting *Monell*, 436 U.S. at 690).  In contrast, an actionable custom "has not received formal approval through . . . official decisionmaking channels." *Powers*, 501 F.3d at 607 (quoting *Monell*, 436 U.S. at 690-91).  "A § 1983 plaintiff may establish the existence of a custom by showing that policymaking officials knew about and acquiesced in the practice at issue."  *Powers*, 501 F. 3d at 607.

Here, while plaintiff seeks $1,300,000.00 in damages from the City, his complaint does not allege that the City enacted a policy or custom which violated his constitutional rights. Rather, plaintiff has alleged that two city employees acted improperly, violated protocol, engaged in racial bias, committed legal malpractice, and abused their power and authority. Plaintiff's claims against the City, which are based exclusively upon the actions of Ms. Hess and Mr. McNutt, are subject to dismissal for failure to state a cause of action because plaintiff seeks to hold the City liable as the employer of Hess and McNutt. This allegation brought under a theory of respondeat superior cannot support a § 1983 claim against the City. *See Monell*, 436 U.S. at 691, 694-95; *Shehee*, 199 F.3d at 300; *Hays*, 668 F. 2d at 874-75. Accordingly, the City's motion to dismiss should be granted on this basis.

### III.   Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5)

The City also seeks dismissal under Fed. R. Civ. P. 12(b)(5) for insufficient service of process. The Court may construe a motion to dismiss for ineffective service of process as a motion to quash service. *See Young's Trading Company v. Fancy Import, Inc.*, 222 F.R.D. 341, 342-43 (W.D. Tenn. 2004) ("[w]here service is ineffective, a court has discretion to either dismiss the action or quash service and retain the case") (citing *Haley v. Simmons*, 529 F.2d 78, 79 (8th Cir.1976)); *Daley v. ALIA*, 105 F.R.D. 87, 89 (E.D. N.Y.1985) ("[w]hen the gravamen of defendant's motion is insufficiency of process, however, the motion must be treated as one to quash service, with leave to plaintiffs to attempt valid service"). The Sixth Circuit has expressed a preference to treat the first motion for improper service as a motion to quash rather than a motion to dismiss. *See Stern*

*v. Beer*, 200 F.2d 794, 795 (6th Cir. 1953) ("if the first service of process is ineffective, a motion to dismiss should not be granted, but the case should be retained for proper service later").

To determine whether plaintiff properly served the City, the Court looks to Fed. R. Civ. P. 4, which provides in pertinent part:

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> > (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
> >
> > (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2).

In applying Fed. R. Civ. P. 4(j)(2)(B), the relevant state law for serving a city provides in pertinent part:

> Service of process on a public, municipal, quasi-municipal, or governmental corporation, unincorporated board, or public body may be made by serving a summons and a copy of the complaint on: . . . (2) the mayor, the city clerk, or the city attorney of a city[.]

MCR 2.105(G)(2).  Finally, Fed. R. Civ. P. 4(c)(2) provides that "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint."

Here, the proof of service reflects that plaintiff personally served the "Planning & Development Department" on October 21, 2015.  *See* Proof of Service (docket no. 3).  This service was defective because (1) plaintiff did not serve the City's mayor, city clerk or city attorney as required by Fed. R. Civ. P. 4(j)(2) and MCR 2.105(G)(2), and (2) plaintiff was not qualified to serve a summons and complaint under Fed. R. Civ. P. 4(c)(2) because he was a party to the litigation. Consistent with the preference expressed in *Stern*, defendant's motion to dismiss plaintiff's

complaint for lack of proper service would not be dispositive; rather, the appropriate remedy would be to allow plaintiff an opportunity to attempt valid service. However, in this case, the service of process issue is moot if the Court adopts the recommendation to dismiss this action as set forth in § II, *supra*.

### IV.     Recommendation

For the reasons set forth above, I respectfully recommend that defendant's motion to dismiss (docket no. 5) be **GRANTED** and that this matter be **DISMISSED**.

Dated:  April 19, 2016              /s/ Ray Kent
                                    RAY KENT
                                    United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).