UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES WATKINS,

                Plaintiff,

v.

CITY OF KALAMAZOO,

                Defendant.

_____/

Case No. 1:15-cv-997

Hon. Janet T. Neff

**REPORT AND RECOMMENDATION**

This matter is now before the Court on defendant City of Kalamazoo's motion to dismiss *pro se* plaintiff's amended complaint (docket no. 14). The motion is unopposed.

    **I.**    **Background**

Defendant moved to dismiss plaintiff's original complaint pursuant to Fed. R. Civ. P. 12(b)(5) and (6). The undersigned recommended that the motion be granted because plaintiff did not allege a cause of action against defendant City of Kalamazoo ("City") and that the action be dismissed. *See* Report and Recommendation (R&R) (docket no. 8). While the motion was pending, plaintiff moved to amend the complaint. Among other things, plaintiff represented to the Court that in the "new amended complaint I will explain how the City of Kalamazoo (community planning and [development] and employee inspector nancy hess and housing official Bobn [sic] McNutt discriminated against me," that "he is in the process of retaining a law firm to represent him," and "that he intends to add Nancy Hess as a party to the lawsuit." Order (docket no. 10). The Court granted plaintiff's motion to amend and denied the R&R as moot. *Id*.; Order (docket no. 12).

Contrary to his representations made to the Court, plaintiff did not retain a law firm and the amended complaint did not add Nancy Hess as a party. As in his original complaint, plaintiff's handwritten amended complaint alleged that on June 12 or 13, 2013, Kalamazoo City Inspector Nancy Hess, with the backing of Robert McNutt, "took actions against my rental properties that I felt was in violations of my civil and personal right." Amend. Compl. (docket no. 11, PageID.37). According to plaintiff, Ms. Hess received a complaint that plaintiff was renting rooms, showed up in a "day or so," found that to be true and condemned four of his properties within 24 to 48 hours. *Id*. When plaintiff informed Inspector Hess that she could not condemn 625 Elizabeth, she replied "we are the city and can do what ever we want." *Id*.

Based on these interactions, plaintiff alleged three claims:

1) Discrimination, 2) Abuse of power and Authority, and 3) Providing legal advise without being a law person.

*Id*. at PageID.38. With respect to the discrimination claim, plaintiff stated that Ms. Hess condemned his houses, filed 15 housing violations against him, filed 9 complaints against his business partner, and issued a warrant for plaintiff's arrest. *Id*. Plaintiff had to take a plea deal to 9 counts, and his partner had to plea to 5 counts to resolve the matter. *Id*. While plaintiff does not identify himself as a member of a particular suspect class, he indicates that this is a racial discrimination case, referring to different treatment received by "3 non african-americans landlords in the same area as one of my condemned houses. . . based on the race / [financial] status." *Id*. at PageID.45. With respect to the abuse of authority claim, plaintiff alleged that Inspector Hess "went over city inspector Evon Wright['s] head and [condemned] 625 Elizabeth." *Id*. at PageID.40. Finally, with respect to the legal advice claim (presumably, practicing law without a license), plaintiff alleged that:

2

During the condemnation investigation, Ms. Hess provided legal advise - she told all of my tenants to stop paying rent, take me to court and sue me for there deposits and all back rent.

*Id*. at PageID.41.  Plaintiff seeks $1,300,000.00 from the City.  *Id*. at PageID.42.

## II.   Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)

The City brings its motion pursuant to Fed. R. Civ. P. 12(b)(6), which seeks dismissal for failure to state a claim upon which relief can be granted.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true.  *Morgan v. Churchs Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein."  *Bassett v. National Collegiate Athletic Association*, 528 F.3d 426, 430 (6th Cir. 2008).

While plaintiff designated his cause of action as involving an "other civil rights" claim, his amended complaint, like his original complaint, does not explicitly allege the violation of any federal law.  *See* Civil Cover Sheet (docket no. 1-1).  It is well established that "*pro se*

3

complaints are held to even 'less stringent standards than formal pleadings drafted by lawyers.'" *Kent v. Johnson*, 821 F.2d 1220, 1223 (6th Cir. 1987), quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the duty to be "less stringent" with *pro se* complaints does not require this court to conjure up unpled allegations. *McDonald v. Hall*, 610 F.2d 16, 19 (lst Cir. l979). Nor can a court rewrite a complaint to include claims that were never presented. *Rogers v. Detroit Police Department*, 595 F. Supp.2d 757, 766 (E.D. Mich. 2009). To hold otherwise would require the court to explore all potential claims of a *pro se* plaintiff and transform the district court to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party. *Id.*

Here, as with plaintiff's original complaint, the undersigned construes his amended complaint as alleging a claim under 42 U.S.C. § 1983, which "provides a civil cause of action for individuals who are deprived of any rights, privileges, or immunities secured by the Constitution or federal laws by those acting under color of state law." *Smith v. City of Salem, Ohio*, 378 F.3d 566, 576 (6th Cir. 2004). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

As discussed, plaintiff seeks relief against the City because one of its inspectors, Ms. Hess, allegedly treated him differently from other landlords. The undersigned construed plaintiff's original complaint as raising a claim under the Equal Protection Clause for discretionary enforcement of an ordinance involving a "class of one." *See Rapp v. Dutcher*, 557 Fed. Appx. 444, 449 (6th Cir.

2014).  Now, it appears that plaintiff is alleging that the City discriminated against him in violation of the Equal Protection Clause through the selective enforcement of ordinances.

> The Constitution provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.  "[This] clause is 'essentially a direction that all persons similarly situated should be treated alike.'"  *EJS Properties, LLC v. City of Toledo*, 698 F.3d 845, 864 (2012) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985)).  "'To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class.'"  *Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990) (citation omitted).

*Katz v. Village of Beverly Hills*, No. 16-1574, 2017 WL 360551 at *4 (6th Cir. Jan. 25, 2017).

However, like his original complaint, plaintiff's amended complaint fails because he has not alleged a policy or custom that would subject the City to liability under § 1983.  A municipality's liability under § 1983 must be based on more than respondeat superior, or the right to control employees.  *See Monell v. Department of Social Services*, 436 U.S. 658, 691, 694-95 (1978); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Hays v. Jefferson County, Kentucky*, 668 F. 2d 869, 874-875 (6th Cir. 1982).  A plaintiff who sues a city for constitutional violations under 42 U.S.C. § 1983 must establish that a governmental policy or custom caused the alleged injury.  *Sova v. City of Mt. Pleasant*, 142 F.3d 898, 904 (6th Cir. 1998), citing *Monell*, 436 U.S. at 690-691.  "In other words, a municipality can be liable under § 1983 only where its policies are 'the moving force' behind the constitutional violation."  *Sova*, 142 F.3d 898 at 904, citing *Monell*, 436 U.S. at 694.  A municipal policy includes "a policy statement, ordinance, regulation, or decision officially adopted and promulgated."  *Powers v. Hamilton County Public Defender Commission*, 501 F.3d 592, 607 (6th Cir. 2007) (quoting *Monell*, 436 U.S. at 690).  In contrast, an actionable custom "has not received formal approval through . . . official decisionmaking channels."  *Powers*, 501 F.3d

at 607 (quoting *Monell*, 436 U.S. at 690-91).  "A  § 1983 plaintiff may establish the existence of a custom by showing that policymaking officials knew about and acquiesced in the practice at issue."  *Powers*, 501 F. 3d at 607.

Here, plaintiff's complaint does not allege that the City enacted a policy or custom which violated his constitutional rights.  Rather, plaintiff has alleged that two city employees, Ms. Hess and Mr. McNutt, discriminated against him, and that Ms. Hess also engaged in tortious conduct by abusing her authority and practicing law without a license.  Plaintiff's claims against the City are subject to dismissal for failure to state a cause of action because plaintiff seeks to hold the City liable as the employer of Hess and McNutt.  This allegation brought under a theory of respondeat superior cannot support a § 1983 claim against the City.  *See Monell*, 436 U.S. at 691, 694-95; *Shehee*, 199 F.3d at 300; *Hays*, 668 F. 2d at 874-75.  Accordingly, the City's motion to dismiss should be granted on this basis.

### III.    Recommendation

For the reasons set forth above, I respectfully recommend that defendant's motion to dismiss (docket no. 14) be **GRANTED** and that this case be **DISMISSED**.

Dated:  March 3, 2017                          /s/ Ray Kent_____
                                               RAY KENT
                                               United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).